UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEBORAH TRISTE,<br><br>               Plaintiff,<br><br>   v.<br><br>ANDREW SAUL, Commissioner of Social Security,<br><br>               Defendant. | Case No. 1:19-cv-01206-EPG<br><br>ORDER DISMISSING CASE FOR FAILURE TO COMPLY WITH COURT ORDERS AND FAILURE TO PROSECUTE |

      Plaintiff, Deborah Triste, initiated this action on August 30, 2019, by filing a complaint seeking review of the decision of the Commissioner of Social Security denying Plaintiff's application for Social Security benefits. (ECF No. 1.) For the reasons discussed below, the Court dismisses this case.

      On March 13, 2020, Plaintiff's counsel filed a motion to withdraw as counsel due to Plaintiff's failure to communicate with him. (ECF No. 14.) Counsel explained that he contacted Plaintiff thirteen times between October 4, 2019 and March 3, 2020, by phone or mail, and that Plaintiff has failed to respond and has not otherwise communicated with counsel. As a result, Plaintiff's counsel was unable to proceed with the prosecution of this case and accordingly moved to withdraw. (*Id.*)

      On March 17, 2020, the Court issued a minute order setting a hearing for April 17, 2020, at 10:00 a.m., on plaintiff's counsel's motion to withdraw as attorney of record (ECF No. 15). The minute order directed all parties to appear telephonically, and provided the

information required for telephonic appearance (*id.*).  The minute order was served on Plaintiff by U.S. Postal Service mail at her last known address (*see id.*).

On April 17, 2020, at 10:00 a.m., the Court held the telephonic hearing on the motion to withdraw. Plaintiff's counsel appeared at the hearing telephonically, but Plaintiff failed to appear telephonically as ordered by the Court and did not otherwise contacted the Court or her counsel.

Following the hearing, on April 17, 2020, the Court issued an order granting Plaintiff's counsel's motion to withdraw. (ECF No. 18.) This order was served on Plaintiff at her last known address by U.S. Postal Service mail. Because her counsel was allowed to withdraw, Plaintiff is now representing herself *pro se*.

Also on April 17, 2020, the Court issued an Order to Show Case requiring Plaintiff to show cause why sanctions, including dismissal of this case, should not be imposed for her failure to appear at the April 17, 2020, hearing on the motion of her counsel to withdraw, and her failure to prosecute this case. (ECF No. 17.) The Court required Plaintiff to file a written show cause response within thirty days of the date of the Order to Show Cause.  (*Id.*) The Order to Show Cause was served on Plaintiff at her last known address by U.S. Postal Service mail.

The deadline for Plaintiff to file her written response to the Court's Order to Show Cause has passed, and Plaintiff has not filed a response or otherwise contacted the Court.

A court may involuntarily dismiss a case where "the plaintiff fails to prosecute or to comply with [the Federal Rules of Civil Procedure] or a court order. . . ." Fed. R. Civ. P. 41(b); *see Hells Canyon Preservation Council v. U. S. Forest Serv*., 403 F.3d 683, 689 (9th Cir. 2005) (a court may *sua sponte* involuntary dismiss a case under Rule 41(b) for a plaintiff's failure to prosecute or comply with the rules of civil procedure or the court's orders). "In determining whether to dismiss an action for lack of prosecution, the district court is required to weigh several factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions."

*Carey v. King*, 856 F.2d 1439, 1440 (9th Cir. 1988) (internal quotation marks and citation omitted); *accord Omstead v. Dell, Inc.*, 594 F.3d 1081, 1084 (9th Cir. 2010); *In re Phenylpropanolamine (PPA) Prods. Liab. Litig.*, 460 F.3d 1217, 1226 (9th Cir. 2006). These factors are "not a series of conditions precedent before the judge can do anything," but a "way for [the presiding] judge to think about what to do." *In re PPA*, 460 F.3d at 1226 (citation omitted).

"The public's interest in expeditious resolution of litigation always favors dismissal." *Yourish v. California Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999) (quotation marks omitted). Accordingly, this factor weighs in favor of dismissal.

As to the Court's need to manage its docket, "[t]he trial judge is in the best position to determine whether the delay in a particular case interferes with docket management and the public interest. . . ." *Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002). Here, the Court's inability to communicate with Plaintiff leaves the Court no other reasonable alternative to address Plaintiff's failure to respond to the Court's order and prosecute this case. *See In re PPA*, 460 F.3d at 1228-29; *Carey*, 856 F.2d at 1441. This factor accordingly weighs in favor of dismissal.

Turning to the risk of prejudice, "pendency of a lawsuit is not sufficiently prejudicial in and of itself to warrant dismissal." *Patagalunan*, 291 F.3d at 642 (citing *Yourish*, 191 F.3d at 991). However, "delay inherently increases the risk that witnesses' memories will fade and evidence will become stale." *Id*. at 643. Plaintiff's failure to inform the Court of her current address, resulting in the inability of the Court to communicate with her, has and will continue to cause a delay in this proceeding. Therefore, this third factor weighs in favor of dismissal.

As to the availability of lesser sanctions, at this stage in the proceedings there is little available to the Court which would constitute a satisfactory lesser sanction while protecting the Court from further unnecessary expenditure of its scarce resources. Monetary sanctions are of little use, considering the inability of the Court to communicate with Plaintiff and Plaintiff's *in forma pauperis* status. Further, given the nature of these proceedings, the preclusion of evidence or witnesses is not available.

  Finally, because public policy favors disposition on the merits, this final factor weighs against dismissal. *Id*.

  After weighing the factors, the Court finds that dismissal is appropriate. Accordingly, IT IS ORDERED that:

1. This action is DISMISSED without prejudice because of Plaintiff's failure to obey the Court's orders and failure to prosecute this case; and

2. The Clerk of Court is directed to close this case.

IT IS SO ORDERED.

  Dated:  **May 28, 2020**　　　　　　　　／s／ *Erica P. Grosjean*
　　　　　　　　　　　　　　　　　　　　UNITED STATES MAGISTRATE JUDGE